J. L. CARNAGHAN et al., RESPONDENTS, v. B. F. WARD et al., APPELLANTS.

SEPARATION OF JURY—WHEN NOT PREJUDICIAL.     Where a juror, after retiring to deliberate upon a verdict, found it necessary to leave the jury-room for a few moments, and did so, simply going to the rear of the court-house and returning immediately; and it appeared affirmatively that during such separation he had no intercourse or conversation with any one respecting the trial: Held, no ground for disturbing the verdict.

CONVERSATION OF ATTORNEY WITH JUROR—WHEN NOT PREJUDICIAL.     Where an attorney of the prevailing party saw one of the jurors, after retirement, leave the jury-room for a few moments, and supposing that a verdict had been agreed upon, inadvertently asked him if such were the case, and was answered in the negative: Held, that such conversation could not have prejudiced the other side, and would not authorize a setting aside of the verdict.

ATTORNEY SENDING FOR MEDICINE FOR JUROR.     Where a juror, after retirement, being for a few moments outside of the jury-room, asked an attorney of the prevailing party to send some one for a bottle of liniment which was prepared for him at a drug store, and which he wished to use as he was lame and suffering pain; and the attorney replied he would do so, and the liniment was afterwards passed in to the juror by the officer in charge: Held, that the compliance with the juror's request was not such an act as would vitiate the verdict.

DIFFERENCE BETWEEN "TREATING" A JUROR AND PERFORMING A MERE ACT OF HUMANITY. There is a marked distinction between the performance of a mere act of humanity or duty for a juror, such as sending at his request for liniment to relieve his pain, and the voluntary offer of civilities, such as the treating with spirituous liquors, passed on in *Sacramento and Meredith M. Co.* v. *Showers.* 6 Nev. 291, which neither duty, charity, nor the conventionalities of society require.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

This was an action by J. L. Carnaghan, S. F. Fisher, H. McClintock, and J. M. Crawford against B. F. Ward and the Silver Star Consolidated Silver Mining Company to recover possession of a mining claim, known as the "Wabash Lode," on or near Pogonip Flat, White Pine County, for $5000 damages, and for an injunction restraining defendants. from extracting or removing ore therefrom. Defendants denied all the allegations of the complaint and set up ownership in the Silver Star Consolidated Mining Company, and that Ward was the managing agent thereof. The cause was tried before a jury and resulted in a verdict for plaintiffs; and in accordance therewith a judgment was entered in their favor for possession of the lode described and costs.

The defendants moved for a new trial, relying mainly upon alleged misconduct of the jury in the particulars stated in the opinion, and that there was no evidence to sustain the verdict against Ward. The court below held that the evidence as to Ward was not sufficient, but that the points as to misconduct of the jury were not well taken, and ordered the motion overruled, provided the plaintiff would dismiss the action as to the defendant Ward, which they accordingly did. The Silver Star Consolidated Silver Mining Company appealed from the judgment and order.

*C. H. Belknap*, for Appellants.

Such a separation of the jury as took place is not permissible, is contrary to the statute, and should avoid the verdict. The rule in *Sacramento and Meredith M. Co.* v. *Showers*, 6 Nev. 291, is not founded upon a *pecuniary* benefit, but its reason is that any act done to a juror by the

prevailing party, his attorneys, or agents, which may induce favor, or affection, or gratitude, will avoid the verdict.' The act of Mr. Wren, the attorney of the prevailing party, was such an act, and avoids the verdict.

*Thomas Wren* and *F. W. Cole,* for Respondents.

A separation of the jury, whether before or after the final submission of the case, is no ground for setting aside the verdict, unless it can be shown that by reason of such separation some injury was done to the party against whom the verdict was rendered. In other words, the mere separation will not vitiate a verdict unless the party's rights were prejudiced thereby. 1 Cowen, 221, and cases cited in note; 2 Waterman on New Trials, 531. In some of the cases above referred to, it is held that a jury may separate after retiring, in case of necessity. In one case, there was a tempest which drove the jury out of their room; in another, there was a riot which the jury assisted in quelling; whilst, in another, one of the jurymen was sick. We deem it unnecessary to discuss the point as to Mr. Wren's sending after a bottle of liniment.

*C. H. Belknap,* for Appellants, in reply.

The authorities cited by respondents as to separation of juries are generally upon the common law rule, and none of them upon a statute at all similar to ours. Our statute providing when the jury shall be kept together (Stats. 1869, 222, Sec. 168) implies that no separation shall take place after the submission of the case to the jury. If one officer is unable to keep them together, the statute provides for more; and whenever it becomes necessary for a juror to absent himself from his fellows he should be accompanied by an officer. The rights of litigants and the purity of jury trials require this protection.

As to the act of Mr. Wren in procuring for the juror a bottle of liniment: The rule in all the adjudged cases is, that whenever an act has been done to a juror by the prevailing party, his attorneys, or agents, that is calculated to

excite favor, affection, or gratitude, the verdict will be set aside. It matters not what the act was, nor the circumstances that prompted it; if any thing was done that might have created gratitude, the verdict must be set aside. The reason of the rule is stated to be to prevent the jury from finding a verdict against their unbiased sense of the right of the case by motives of gratitude or feelings for favors however slight. 12 Pick. 519; 4 Washington, 34; 34 Georgia, 381; 4 Harrison, 80; 6 Nevada, 291; *Com.* v. *McCaul*, Virginia cases, 271; *Lester* v. *Stanley*, 3 Day, 287.

By the Court, LEWIS, C. J.:

The appellants endeavor, first, to maintain that there was an illegal separation of the jury in this case which entitles them to have the verdict vacated. The facts upon which this assignment of error rests are, that after the jury had retired to deliberate upon the verdict, one of the jurors found it absolutely necessary to leave the jury-room for a few moments, and did so, simply going to the rear of the court-house however, and returning immediately. If it be admitted that the showing made by the affidavits of the appellants would, unexplained or unanswered, constitute such separation as would justify the court in setting aside the verdict, it certainly could not be so considered where, as in this case, the respondents show that during the separation complained of the juror had no intercourse or conversation with any one respecting the trial. It is a familiar rule of practice, with perhaps some exceptions, that an irregularity which is shown could not have prejudiced the losing party, will not justify an interference with the verdict. When, therefore, it is shown, as it was in this case by the respondents, that there was nothing connected with the separation which could in the least prejudice the appellants, there is no ground for disturbing the verdict and judgment. Such is the rule very generally followed by the courts. See cases cited in 2 Graham and Waterman on New Trials, 534, *et seq.*

One of the attorneys for the respondents, seeing the juror

leave the court-house, supposed that a verdict had been agreed upon, and inquired of the juror if such were the case, and was answered in the negative. The respondents show that not another word passed between the parties at this time, and that this conversation took place in the presence of two disinterested witnesses, and was clearly inadvertent. The second point relied on is, that this was error; it was evidently not. This could not be said to be a conversation concerning the case, and it was beyond the range of possibility that it could have prejudiced the appellants, and, therefore, will not authorize a setting aside of the verdict.

It appears that when the juror was returning to the jury-room, again seeing the attorney whom he had seen upon going out, he requested him to send some person for a bottle of liniment which was prepared for him at a certain drug store in the town, and which he wished to use, as he was quite lame and suffering much pain. The attorney replied that he would do so, and nothing further passed between them. The liniment was sent for and passed to the juror by the officer in charge. This, it is argued, is such an extension of favor to the juror by the attorney of the prevailing party, as to vitiate the verdict under the rule announced in the case of *The Sacramento and Meredith Mining Company* v. *Showers,* 6 Nev. 291.

It was held in that case, that the treating of the jury by the prevailing party with spirituous liquor would vitiate the verdict. The act in that case was volunteered, and was entirely uncalled for by any rule of civility or propriety. The law, as there laid down, is sustained by a very strong current of decisions, and is recommended by the strongest considerations of policy and prudence. But there is nothing in that case which even intimates that the parties to a suit must disregard the simple dictates of humanity, or refuse to discharge the commonest duties imposed upon them by the laws of God and morality alike. To refuse to perform so slight an act to relieve the sufferings of a juror would be a clear disregard of the plainest duty, which no circumstances can justify, and which the law does not demand. There is

a marked distinction between the performance of a mere act
of humanity or duty for a juror, as in this case, and the vol-
untary offer of civilities which neither duty, charity, nor the
conventionalities of society require of a man. And this is
the distinction between the case of the *Sacramento Company*
v. *Showers* and the case at bar. The compliance with the
request of the juror was not such act as should vitiate the
verdict.

The judgment must be affirmed. It is so ordered.

GARBER, J., having been of counsel in the court below,
did not sit in this case.